**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES | NO. 2:20-cr-00045-GAM |
| | JUDGE MCHUGH |
| v. | |
| ABDUR RAHIM ISLAM | |
| SHAHIED DAWAN | |
| KENYATTA JOHNSON | |
| DAWN CHAVOUS | |
| Defendants | |

**PROPOSED ORDER**

**AND NOW**, this _____ day of _____, 2020, upon consideration of

Defendant Shahied Dawan's Motion to Dismiss Counts One  through Sixteen of the Indictment

and the response thereto it is hereby **ORDERED** that the Motion is **GRANTED**.

BY THE COURT:

_____
Honorable Gerald Austin McHugh
U.S. District Court Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES | NO. 2:20-cr-00045-GAM |
| | JUDGE MCHUGH |
| v. | |
| ABDUR RAHIM ISLAM | |
| SHAHIED DAWAN | |
| KENYATTA JOHNSON | |
| DAWN CHAVOUS | |
| Defendants | |

## <u>DEFENDANT SHAHIED DAWAN'S MOTION TO DISMISS COUNTS 1 THROUGH 16 OF THE INDICTMENT</u>

Defendant Shahied Dawan hereby moves this Honorable Court to Dismiss Counts One through Sixteen of the Indictment. Pursuant to Federal Rule of Criminal Procedure 12(b)(3), the Defendant Dawan asserts that the Government has failed to establish a cognizable crime under the applicable statues for conspiracy to commit racketeering, honest services fraud, use of intestate facility to further racketeering, and wire fraud. Throughout its indictment the Government fails to state with sufficient specificity the acts which it alleges Shahied Dawan himself participated in committing.

In support of his motion, Shahied Dawan avers:

1.  Shahied Dawan, was the Chief Financial Officer of the Universal Companies Education and at no point during the relevant indictment period did Mr. Dawan have authority or involvement in contract

management, beyond the expected duties of a CFO to ensure payment of submitted invoices.

2.      At no time did Shahied Dawan meet or conspire with any individuals alleged in the indictment.

3.      Shahied Dawan played no role in contract negotiations or acquisition of Dawn Chavous services other than ensure that Universal's payment obligations were met.

4.      Count 1- Conspiracy to Commit Racketeering under 18 U.S.C.§ 1962(d) requires that the indictment allege the involvement of an individual in a criminal enterprise, tending to prove the existence of said participation through overt acts.

5.      Throughout its indictment, the Government consistently uses the phrase "Islam and Dawan" to describe participation in overt acts.  The Government only intends to present evidence at trial related to Islam's commission of the alleged overt acts 1 through 13 of the indictment and intends to rely on Dawan's performance of his job duties as evidence of his involvement in a criminal conspiracy.

6.      Counts 2 through 7, Honest Services Wire Fraud, indicts the use of wires to execute any "scheme or artifice to defraud." 18 U.S.C. § 1343.  This includes any "scheme or artifice to deprive another of the intangible right

of honest services," or what is known as "honest services fraud."  *See* 18

U.S.C. § 1346;

7.      These charges against Dawan allege that his relaying of figures and

amounts related to lease deferments and administration of payments for

invoices submitted by Islam constituted a violation of §1343 & §1346.

8.      All of Dawan's actions were consistent with the regular duties of a Chief

Financial Officer.

9.      Count 8, Use of Interstate Facility to Further Racketeering under 18

U.S.C. § 1952 (a)(3) alleges that Dawan utilized an email server to

facilitate the payment of bribes to Michael Bonds.

10.     The Government does not intend to present evidence at trial that would

indicate that Shahied Dawan had any knowledge that a bribe was being

paid to Michael Bonds.

11.     Counts 9 through 10, Honest Services Wire Fraud, indicts the use of wires

to execute any "scheme or artifice to defraud." 18 U.S.C. § 1343.  This

includes any "scheme or artifice to deprive another of the intangible right

of honest services," or what is known as "honest services fraud."  *See* 18

U.S.C. § 1346;

12.     Counts 11 through 16, again; the Government summarily incorporates an

includes Shahied Dawan as having committed overt acts 1-13, 14-22, and

23-25 of count one. These acts include co-defendants Councilmember

Johnson and Ms. Chavous, neither of which had any dealings with Mr. Dawan;

13.     The Indictment fails to establish a nexus between Shahied Dawan and Chavous Consulting's contract with Universal and Councilmember Johnson's actions or the actions of CEO Rahim Islam;

14.     The Government has failed to allege facts sufficient to establish that Mr. Dawan possessed the requisite criminal intent in the performance of any of his job duties;

15.     The Indictment fails to offer any objective information that Mr. Dawan exhibited the requisite intent necessary to sustain a prosecution under the various counts of the indictment;

16.     Nowhere does the Indictment allege that Mr. Dawan received any benefit from Michael Bonds, Rahim Islam, Councilmember Johnson or Dawn Chavous.

WHEREFORE, Shahied Dawan moves this Honorable Court to Dismiss Counts One through Sixteen of the Indictment.

Dated:  October 14, 2020

Respectfully submitted,

*/s/Thomas O. Fitzpatrick*
Thomas O. Fitzpatrick, Esq.
**Mincey Fitzpatrick Ross, LLC**
1500 Market Street, 12th Floor, East Tower
Philadelphia, PA  19102
Phone:  (215) 587-0006
Fax:  (215) 587-0628
*Attorneys for Defendant Shahied Dawan*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES | NO. 2:20-cr-00045-GAM |
| | JUDGE MCHUGH |
| v. | |
| ABDUR RAHIM ISLAM | |
| SHAHIED DAWAN | |
| KENYATTA JOHNSON | |
| DAWN CHAVOUS | |
| Defendants | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true ad correct copy of the within Motion to Dismiss was duly served on the below counsel of record and unrepresented parties on the 14th of October  2020, electronically.

Mark Dubnoff
Mark.Dubnoff@usdoj.gov

Gibson, Eric
Eric.Gibson2@usdoj.gov

Respectfully submitted,

_____
THOMAS O.  FITZPATRICK, ESQUIRE
*Attorneys for Defendant Shahied Dawan*

7